NIGHT BOX
FILED
MAY 1 1 1999
CARLOS JUENKE
CLERK, USDC / SDFL / MIA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JENNIFER FUENTES and BRIGETTE SHAPIRO,

Plaintiffs,

vs.

HOOTERS OF DORAL, INC., a Florida corporation,

Defendant.

CASE NO. 99-1343

CIV-UNGARO-BENAGES

MAGISTRATE JUDGE
BROWN

## COMPLAINT

Plaintiffs Jennifer Fuentes and Brigette Shapiro, by and through undersigned counsel, hereby sue Hooters of Doral, Inc., and say:

## PARTIES

1. Jennifer Fuentes is an individual and is *sui juris.*

2. Brigette Shapiro is an individual and is *sui juris.*



3. Defendant Hooters of Doral, Inc. ("Hooters") is a Florida corporation engaged in business within the State of Florida.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

5. The unlawful acts complained of herein were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

## GENERAL ALLEGATIONS

6. This is an action for violations of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq.

7. Jennifer Fuentes and Brigette Shapiro are female.

8. At all times relevant in this action, Jennifer Fuentes and Brigette Shapiro were employees within the meaning of 42 U.S.C. § 2000e(f).

9. Hooters was, at all times relevant in this action, an employer within the meaning of 42 U.S.C. § 2000e(b) and Florida Statutes § 760.02(7).

10. Hooters, at all times relevant in this action, has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.



*T. H. BUSCAGLIA AND ASSOCIATES*. 80 SOUTHWEST 8TH STREET - SUITE 2100, MIAMI, FL 33130 TEL (305)324-6000, FAX (305)324-1111

11. Bill DePalo ("DePalo") was, at all times relevant in this action, a district manager and an employee to whom management decisions had been delegated by Hooters.

12. DePalo was, at all times relevant in this action, an employee and agent of Hooters.

13. Jennifer Fuentes and Brigette Shapiro were employed by Hooters as food servers.

14. Jennifer Fuentes and Brigette Shapiro were selected by their district manager, DePalo, to participate in six (6) to eight (8) week management training program to become restaurant managers, which commenced in or about June, 1998.

15. There were a total of seven (7) individuals attending the management training program, four (4) males and three (3) females.

16. Jennifer Fuentes and Brigette Shapiro were as qualified or more qualified for the position of store manager as any of the other management trainees.

17. All of the men participating in the management training program were on salary as management trainees.

18. All of the women in the management training program were paid on an hourly basis and continued being employed as part-time food servers during training.

19. The salary of the male management trainees was at a substantially higher rate than the hourly rate paid the female trainees.



*T. H. BUSCAGLIA AND ASSOCIATES*. 80 SOUTHWEST 8TH STREET - SUITE 2100, MIAMI, FL 33130 TEL (305)324-6000, FAX (305)324-1111

20. All of the male trainees were made restaurant managers within approximately eight weeks of the commencement of the training program.

**Jennifer Fuentes**

21. Jennifer Fuentes was invited by DePalo into the management training program in approximately May 1998.

22. Jennifer Fuentes was approximately three (3) to four (4) weeks into the management training program when she learned that she was pregnant.

23. When she informed DePalo of her condition, he said, "Well, I guess you're going to put your career on hold then."

24. Jennifer Fuentes stated that she had no interest in delaying her completion of the management training program.

25. Two (2) days later, Ms. Fuentes became very concerned that her efforts to become manager were going to be postponed, so she again inquired of DePalo as to when she would complete the management training program.

26. DePalo replied, "Well, I think you still have about ten (10) to twelve (12) weeks to go." However, only a week earlier DePalo had told her that she only had four (4) to six (6) weeks left of training.

27. In spite of the fact that Jennifer Fuentes was not a store manager, she was given all of the responsibilities of a floor manager while being paid $7.50 an hour.

28. At the $7.50 hourly rate, she earned substantially less as a "floor manager" than she had as a food server. However, she continued to work as a "floor manager" in the hopes of Hooters eventually doing the right thing and making her a store manager.

**Brigette Shapiro**

29. Brigette Shapiro learned that she was pregnant a few weeks into the management training program, which began in June 1998.

30. She immediately informed DePalo of this fact.

31. Although the males of the management training program were made managers within six (6) to eight (8) weeks, Shapiro continued as a part-time food server and acted as a manager, but never received the title of manager, nor was she ever compensated appropriately.

32. In spite of the fact that Brigette Shapiro was not made a manager, she performed all of the tasks that a store manager is responsible for, including the ordering and receipt of food and supplies, as well as other duties considered the responsibility of a store manager.

33. However, instead of receiving a store manager's salary, she was being paid an hourly rate of only $7.50, thus earning even less than she had prior to this as a full-time food server.

34. Approximately four (4) months after the commencement of the management training, and nearly two (2) months after all of the men in the management training



*T. H. BUSCAGLIA AND ASSOCIATES*. 80 SOUTHWEST 8TH STREET - SUITE 2100, MIAMI, FL 33130 TEL (305)324-6000, FAX (305)324-1111

program had been made store managers, Brigette Shapiro approached DePalo and confronted him concerning the fact that her training had not yet been completed and that she had not been promoted to manager.

35. In response to Ms. Shapiro's inquiry as to when the training would be complete and she would be made store manager, DePalo asked when Brigette Shapiro's baby was due, stating, "When are you due?"

36. DePalo then informed Brigette Shapiro that she would continue in management training until after she had the baby and that Hooters would not give her an opportunity to become a manager until after her pregnancy had been completed.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

37. On or about February 1, 1999 Jennifer Fuentes and Brigette Shapiro filed charges of discrimination against Hooters with the U.S. Equal Employment Opportunity Commission ("EEOC").

38. On or about February 11, 1999, the EEOC issued a Notice of Right to Sue to Brigette Shapiro.

39. On or about February 23, 1999, the EEOC issued a Notice of Right to Sue to Jennifer Fuentes.

40. Jennifer Fuentes and Brigette Shapiro have exhausted all administrative remedies.



*T. H. BUSCAGLIA AND ASSOCIATES*, 80 SOUTHWEST 8TH STREET - SUITE 2100, MIAMI, FL 33130 TEL (305)324-6000, FAX (305)324-1111

41. All conditions precedent to the institution of this action have either occurred or been waived.

42. Jennifer Fuentes and Brigette Shapiro have been required to retain undersigned counsel to represent them in this matter, and are obligated to pay undersigned counsel a reasonable fee.

## COUNT I

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED DISPARATE TREATMENT

Jennifer Fuentes reasserts and reaffirms the allegations in paragraphs 1 through 42 as if fully set forth herein and further states that this is an action against Hooters of Doral, Inc., for violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq.

43. Hooters intentionally discriminated against Jennifer Fuentes by compensating male management trainees at a higher rate than Ms. Fuentes, a female management trainee, in violation of 42 U.S.C. §2000e-3(a).

44. This disparate pay was sufficiently severe to alter the terms, conditions and privileges of employment.

45. Hooters' violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., was intentional and was done with malice or reckless indifference to Jennifer Fuentes' rights guaranteed under the laws of the United States.

46. Jennifer Fuentes has suffered and continues to suffer loss of earnings, emotional distress, loss of self esteem and other injuries as a direct result of Hooters' violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq.

47. Jennifer Fuentes is entitled to an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b).

THEREFORE, Jennifer Fuentes demands judgment against Hooters of Doral, Inc., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief, injunctive relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT II**

**VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED PREGNANCY-BASED SEX DISCRIMINATION**

Jennifer Fuentes reasserts and reaffirms the allegations in paragraphs 1 through 42 as if fully set forth herein and further states that this is an action against Hooters of Doral, Inc., for violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq.

48. While Jennifer Fuentes was employed by Hooters, she was discriminated against by Hooters because of her pregnancy, in violation of 42 U.S.C. § 2000e-2(a).

49. This discrimination was sufficiently severe as to alter the terms, conditions and privileges of employment.

50. Hooters' violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., was intentional and was done with malice or reckless indifference to Jennifer Fuentes' rights guaranteed under the laws of the United States.

51. Jennifer Fuentes has suffered and continues to suffer loss of earnings, emotional distress, loss of self esteem and other injuries as a direct result of Hooters' violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq.

52. Jennifer Fuentes is entitled to an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b).

THEREFORE, Jennifer Fuentes demands judgment against Hooters of Doral, Inc., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief, injunctive relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT III

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED DISPARATE TREATMENT

Brigette Shapiro reasserts and reaffirms the allegations in paragraphs 1 through 42 as if fully set forth herein and further states that this is an action against Hooters of Doral, Inc., for violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq.

53. Hooters intentionally discriminated against Brigette Shapiro by compensating male management trainees at a higher rate than Ms. Shapiro, a female management trainee, in violation of 42 U.S.C. §2000e-3(a).

54. This disparate pay was sufficiently severe to alter the terms, conditions and privileges of employment.

55. Hooters' violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., was intentional and was done with malice or reckless indifference to Brigette Shapiro's rights guaranteed under the laws of the United States.

56. Brigette Shapiro has suffered and continues to suffer loss of earnings, emotional distress, loss of self esteem and other injuries as a direct result of Hooters' violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq.

57. Brigette Shapiro is entitled to an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b).

THEREFORE, Brigette Shapiro demands judgment against Hooters of Doral, Inc., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief, injunctive relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED PREGNANCY-BASED SEX DISCRIMINATION

Brigette Shapiro reasserts and reaffirms the allegations in paragraphs 1 through 42 as if fully set forth herein and further states that this is an action against Hooters of Doral, Inc., for violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq.

58. While Brigette Shapiro was employed by Hooters, she was discriminated against by Hooters because of her pregnancy, in violation of 42 U.S.C. § 2000e-2(a).

59. This discrimination was sufficiently severe as to alter the terms, conditions and privileges of employment.

60. Hooters' violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., was intentional and was done with malice or reckless indifference to Brigette Shapiro's rights guaranteed under the laws of the United States.

61. Brigette Shapiro has suffered and continues to suffer loss of earnings, emotional distress, loss of self esteem and other injuries as a direct result of Hooters' violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq.

62. Brigette Shapiro is entitled to an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b).

THEREFORE, Brigette Shapiro demands judgment against Hooters of Doral, Inc., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief, injunctive relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

**JURY TRIAL DEMAND**

Jennifer Fuentes and Brigette Shapiro demand trial by jury on all issues so triable.

***Fuentes and Shapiro v. Hooters of Doral***

Respectfully Submitted,

T. H. BUSCAGLIA and ASSOCIATES
Suite 2100 - Brickell Bayview Center
80 Southwest 8th Street
Miami, Florida 33130
Telephone (305) 324-6000
Facsimile (305) 324-1111

By: ______________________________
Thomas H. Buscaglia, Esquire
[Florida Bar No. 527408]

Date: 5/12/99

# CIVIL COVER SHEET

99-1343
CIV-UNGARO-BENAGES
MAGISTRATE JUDGE BROWN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

NIGHT BOX FILED MAY 11 1999 CARLOS JUENKE CLERK, USDC/SDFL/MIA

**I (a) PLAINTIFFS**
Jennifer Fuentes and Brigette Shapiro,

**DEFENDANTS**
Hooters of Doral, Inc., a Florida corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A: Dade | 1:99CV1343 | UUB | Brown

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas H. Buscaglia, Esq., T. H. Buscaglia and Associates, 80 S.W. 8th St., Suite 2100-Brickell Bayview Center, Miami, FL 33130 (305) 324-6000

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
**(DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS**

**II. BASIS OF JURISDICTION**
(PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- XX 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**
(For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. § 2000, et seq.

**IVa.** 4 **days estimated (for both sides) to try entire case**

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personnel Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personnel Property Damage
- ☐ 385 Property Damage Product Liability

**B FORFEITURE PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations B
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act B

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**A OTHER STATUS**
- ☐ 400 States Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc. B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12USC3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions * A or B

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure B
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A CIVIL RIGHTS**
- ☐ 441 Voting
- XX 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General *
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other *
- ☐ 550 Civil Rights * A or B

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- XX 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23 **DEMAND $**
☐ Check YES only if demanded in complaint: **JURY DEMAND:** XX YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ______ DOCKET NUMBER ______

DATE 5/11/99 SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 802183 Amount: 150.00
Date Paid: 05/12/99 M/ifp: ______